# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Rodriguez Laborin,<br><br>Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>Respondents. | No. CV-25-00712-TUC-JCH (MAA)<br><br>**ORDER** |

In this habeas action brought under 28 U.S.C. § 2241, Petitioner challenges his immigration detention, potentially imminent removal, and claims he cannot be removed before adjudication of his request for a T-visa.[1] (Doc. 14.) Petitioner also filed a Motion for Temporary Restraining Order. (Doc. 2.) The Court will dismiss the Petition in part, order Petitioner to show cause why another portion of the Petition should not be construed as a Mandamus petition, and direct Respondents to respond to a portion of the Petition. The Court will also deny the Motion for Temporary Restraining Order.

**I.  Background**

Petitioner is a citizen of Mexico who came to the United States in 1999, was removed in 2020, and returned a short time later. (Doc. 1 ¶ 15.) When he returned, he was apprehended by Border Patrol and injured during his arrest when they drove over his leg. (*Id*.) Petitioner alleges he "is part of an active lawsuit against Customs and Border Protection ("CBP"), due to being assaulted by a CBP vehicle while in pursuit." (*Id.* ¶ 3.)

---

[1] Petitioner filed a Verified Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief and paid the filing fee for a habeas corpus action.

Petitioner further asserts he has a T-visa application pending before USCIS. Petitioner claims he "is at imminent risk of detention and is not able to attend a deposition for a civil case against CBP due to his risk of detention."[2] (*Id.* ¶ 6.) Although unclear, Petitioner also appears to assert that he was previously released from immigration detention on an Order of Supervision and his redetention (if he has been redetained) did not comply with the regulations regarding revocation of Orders of Supervision ("OSUPs")—8 C.F.R. § 241.4 and 8 C.F.R. § 241.13. (*Id.* ¶¶ 20-30). Petitioner presents five claims for relief. He claims that his detention and removal during the pendency of his T-visa application violates the Fifth Amendment, the Administrative Procedure Act, and/or the *Accardi*[3] doctrine. (Counts One and Two.) Petitioner also brings APA and Mandamus claims for an unreasonable delay in adjudicating his T-visa application and seeks to compel Respondents to adjudicate his application. (Counts Three and Four.) Finally, Petitioner seeks bail pending adjudication of his habeas petition. (Count Five.)

**II.     Summary Dismissal**

A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits appended to it that the petitioner is not entitled to relief in the district court." *See* Rule 4 of the Rules Governing § 2254 Cases; *see also, e.g.*, *Jackson v. Ashcroft*, 347 F. Supp. 2d 924, 925 (D. Or. 2004) (dismissing § 2241 Petition pursuant to Rule 4).

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). District courts are directed to screen habeas corpus petitions

---

[2] The allegations in the Petition are unclear as to whether Petitioner has, in fact, been detained. He appears to allege he is at risk of imminent detention but in other parts of the Petition he alleges his "detention" is unlawful. If Petitioner has not yet been detained, the Court is skeptical it would have jurisdiction to adjudicate a preemptory petition. For now, given the ambiguity in the Petition and the apparent urgency of Petitioner's request for relief, the Court will assume Petitioner has been detained. The Court will require Petitioner to file a notice clarifying his current detention status.
[3] *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954).

before requiring the government to file a response. A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, foll. 28 U.S.C. § 2254.[4] *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"), *superseded by statute on other grounds*; *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions . . . are instructed to summarily dismiss claims that are clearly not cognizable."); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

**III.   Discussion**

    **A.   Removal Claims**

Petitioner's claims challenging his potential imminent removal are barred from habeas corpus review in district court. Habeas corpus review in federal district court is not available for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9),[5] or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding review of other discretionary decisions and actions specified by statute). *See also* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law or fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order [of removal]."); 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate

---

[4] The Rules Governing Section 2254 cases in the United States District Courts apply to habeas corpus proceedings under § 2241. *See* Rule 1(b), foll. 28 U.S.C. § 2254.

[5] *See also* 8 U.S.C. § 1252(a)(5) (the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal").

court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ."). For these reasons, Petitioner fails to state a cognizable claim for habeas corpus relief as to his potential removal.

**B.     T-Visa Claims**[6]

Petitioner also seeks a bona fide determination under the regulations regarding T-visas. 8 C.F.R. §§ 214.202(b) and 214.205(g)(2), which would prevent his removal before his pending T-visa application is adjudicated. Petitioner contends T-visas were created to protect victims of human trafficking, and once removed, an applicant becomes ineligible for a T-visa, thereby undermining the visa's purpose. Petitioner also seeks to compel Respondents to adjudicate his pending application.

In *Pinson v. Carvajal*, the Ninth Circuit clarified the scope of claims that may be brought in habeas corpus proceedings. 69 F.4th 1059 (9th Cir. 2023). A claim sounds in habeas corpus only "if a successful petition demonstrates that the detention itself is without legal authorization." *Id.* at 1070. "By contrast, claims that if successful would not necessarily lead to the invalidity of the custody are not at the core of habeas corpus," and a court thus lacks jurisdiction to consider them. *Id.* at 1071. In determining whether a claim lies in habeas corpus, "the relevant question is whether, based on the allegations in the petition, release is legally required irrespective of the relief requested." *Id.* at 1072 (emphasis omitted).

This claim challenges aspects of Petitioner's immigration proceedings but does not challenge the legality of his detention and even if successful, would not result in his release from immigration detention. And while Petitioner labelled this action as both a Petition

---

[6] There is authority suggesting that it is improper to file a pleading that asserts both habeas and non-habeas claims. *See, e.g., Burnam v. Marberry*, 313 F. App'x 455, 456 n.2 (3d Cir. 2009) ("Burnam's repeated references to § 2241 in his filings apparently led the District Court to construe the action as such, but even so it should not have combined the habeas action and the claims under the Privacy Act and APA into a single case."); *Malcom v. Starr*, 2021 WL 93121, *2 (D. Minn. 2021) ("The Court holds that Petitioners cannot pursue a combined § 2241 petition and civil complaint in this matter. As many other cases from this District have noted, habeas petitions and civil complaints have different and incompatible rules regarding service of process, discovery, and even filing fees."); *Calhoun v. Glint*, 2014 WL 5795565, *1 (W.D. Pa. 2014) ("Petitioner does mention that he has also making a claim under Section 1983 by means of the Petition. However, he is not permitted to pursue both habeas claims and civil rights claims in a single civil action.").

for Writ of Habeas Corpus and a Complaint for Injunctive Relief, he filed it as an immigration habeas action and paid the filing fee associated with a habeas action. Therefore, at this juncture, the Court must consider the claims as being brought in habeas and questions whether a habeas petition under § 2241 is the appropriate vehicle to bring the T-visa claims. Instead, the Court must consider whether to construe these claims as a civil action bringing a petition for writ of mandamus under § 1361. If the Court so construes these claims, Petitioner must pay the filing and administrative fees for a civil action. 28 U.S.C. § 1914(a), (b). The Court therefore orders Petitioner to show cause why the T-visa claims should not be construed as a civil action presenting a petition for writ of mandamus and why he should not be assessed a civil filing fee.

**IV.     Order of Supervision**

Although unclear, it appears Petitioner was previously released from custody on an Order of Supervision. If Petitioner is in custody, Respondents will be required to answer the claim they failed to comply with the procedural requirements set forth at 8 C.F.R. §§ 241.4 and 241.13 when redetaining him.

**V.      Motion for Temporary Restraining Order.**

Because the Court lacks jurisdiction to hear claims regarding Petitioner's potential removal and it is requiring Petitioner to show cause why his mandamus claims should not be construed as a civil action, the Court will deny the motion for injunctive relief.

**IT IS ORDERED:**

(1)     Counsel for Petitioner must immediately serve the Petition upon Respondents.

(2)     If not already issued, the Clerk's Office must issue any properly completed summonses.

(3)     The Clerk of Court must immediately transmit by email a copy of this Order and a copy of the Petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at

melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov; and Theo Nickerson at theo.nickerson2@usdoj.gov.

(4) Petitioner must file a Notice no later than 5:00 p.m. on December 26, 2025, indicating whether he has been detained.

(5) Petitioner's challenges to his potential removal are **dismissed**.

(6) Petitioner must show cause no later than **January 5, 2026**, as to why the remaining claims should not be construed as a Petition for Writ of Mandamus and he should not be assessed a civil filing fee.

(7) If Petitioner has been detained, Respondents must respond to Petitioner's claims regarding the revocation of his Order of Supervision no later than **December 29, 2025**. If Petitioner has not been detained, Respondents need not respond to the claim they improperly revoked his Order of Supervision. Petitioner may file a reply no later than **January 5, 2026**.

(8) Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **denied**.

Dated this 24th day of December, 2025.

_____
John C. Hinderaker
United States District Judge