IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Rodriguez Laborin,<br><br>Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>Respondents. | No. CV-25-00712-TUC-JCH (MAA)<br><br>**ORDER** |

In this habeas action brought under 28 U.S.C. § 2241, Petitioner alleged he was previously released from immigration detention on an Order of Supervision and his redetention (if he was redetained) did not comply with the regulations regarding revocation of Orders of Supervision ("OSUPs")—8 C.F.R. § 241.4 and 8 C.F.R. § 241.13. (Doc. 1 ¶¶ 20-30). Petitioner further alleged his detention and removal during the pendency of his T-visa application violates his Fifth Amendment rights, the Administrative Procedure Act, and/or the *Accardi*[1] doctrine. Petitioner also brought APA and Mandamus claims alleging an unreasonable delay in adjudicating his T-visa application. Finally, Petitioner sought bail pending adjudication of his habeas petition.

The Court summarily dismissed Petitioner's claims challenging his removal. (Doc. 5 at 6.) And because the Petition did not clearly allege that Petitioner had, in fact, been redetained, the Court directed Petitioner to submit a Notice indicating whether he was presently in immigration detention. (*Id.*) The Court also noted Petitioner's mandamus

---

[1] *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954).

claims are not properly brought in habeas and directed Petitioner to show cause why his mandamus claims should not be construed as constituting a civil action. (*Id.*)

On December 26, 2025, Petitioner filed the requisite notice, indicating he is not currently detained. (Doc. 6.) He thereafter filed a notice requesting to have his mandamus claims construed as a separate civil action. (Doc. 9.)

Because Petitioner is not presently in immigration detention, his habeas claims must be dismissed for lack of jurisdiction. "The case or controversy requirement of Article III admonishes federal courts to avoid premature adjudication and to abstain from entangling themselves in abstract disagreements." *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1208 (10th Cir. 1999) (internal quotation marks and citations omitted). Any decision issued at this time would be purely advisory in nature and thus impermissible. *Carney v. Adams*, 592 U.S. 53, 58 (2020) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)) (for purposes of standing, an injury must be "'concrete and particularized,' as well as 'actual or imminent,'" and cannot be 'conjectural or hypothetical'").

Further, because a habeas corpus petition is not the appropriate vehicle for presenting his mandamus claims, *see Pinson v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023), the Court will dismiss the mandamus claims without prejudice to refiling as a separate civil action.

**IT IS THEREFORE ORDERED** that the remaining claims in the Petition are **dismissed** for lack of jurisdiction.

**IT IS FURTHER ORDERED** Petitioner may refile his Mandamus and Administrative Procedure Act claims as a separate civil action. The Clerk of Court must enter judgment without prejudice and terminate this action.

Dated this 14th day of January, 2026.

John C. Hinderaker
United States District Judge